{¶ 1} This is an appeal from the judgment of the Logan County Common Pleas Court which denied defendant-appellant, Craig Haidet's (Haidet), application to seal the record of his criminal conviction.
 {¶ 2} In 1996, Haidet plead guilty to Interception of Wire or Oral Communication, in violation of R.C. 2933.52 for placing and using a recording device in a co-worker's home without her permission. Haidet was sentenced to two years in prison, however, all but thirty days were suspended. He was also ordered to pay a fine of $4,000, but that was also suspended pending successful completion of five years of probation. At the time of the offense, Haidet was a licensed social worker for the Logan County Children's Services and it is alleged that Haidet's social work license was suspended as a result of his conviction.
 {¶ 3} Haidet successfully completed his probation in 1999 and applied to have his record sealed on May 6, 2002, pursuant to R.C. 2953.32. The state filed objections, which expressed its reservations that Haidet had not been rehabilitated. The state also noted that the government had a legitimate interest in maintaining the record as Haidet was able to renew his social work license. After an oral hearing, the trial court denied Haidet's application to seal his record stating that it wouldn't reach the question of whether Haidet was rehabilitated because the government interest in maintaining the records outweighed Haidet's interest in having the records sealed. Haidet now appeals asserting a single assignment of error.
 Assignment of Error {¶ 4} "The trial court erred in denying the Appellant's application to seal the record of his felony conviction."
 {¶ 5} R.C. 2953.32(C)(1) provides that a first offender may apply to seal a felony conviction three years after final discharge. In deciding whether or not to seal the record, "The court shall do each of the following:(a) Determine whether the applicant is a first offender * * *; (b) Determine whether criminal proceedings are pending against the applicant; (c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court; (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection; (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records." Furthermore, the trial court's decision to deny an application to seal a record will not be disturbed on appeal absent a showing that the trial court abused its discretion. State v. Abdullah
(Apr. 26, 1999), Clermont App. No. CA98-08-065; State v. Brewer (Oct. 22, 1997), Marion App. No. 9-97-40.
 {¶ 6} In this case, the trial court found that more than three years had passed since Haidet's final discharge, that Haidet was a first time offender, that he did not have any criminal proceeding pending against him, and the court also considered the state's objections. However, as stated above, the trial court declined to address the question of whether Haidet had been rehabilitated as required by R.C. 2953.32. Under the circumstances, we do not see how the trial court could properly weigh the government's and Haidet's interests in order to determine that "the scales clearly in this case favor the state" without also examining whether Haidet has been rehabilitated to the satisfaction of the court as mandated by R.C. 2953.32(C)(1)(c).
 {¶ 7} Based on the foregoing, we find that the trial court abused its discretion when it declined to address section (C)(1)(c) of R.C. 2953.32 in weighing the government's and Haidet's interests. Consequently, Haidet's assignment of error is sustained, and the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
 {¶ 8} Judgment reversed and cause remanded.
 BRYANT, P.J., and CUPP, J., concur.